IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. CV 17-54-H-SEH |
| vs. | |
| JOSEPH ROBERTSON and CARRIE PFLEGER ROBERTSON, | MEMORANDUM AND ORDER |
| Defendants. | |

Before the Court is Plaintiff's Renewed Motion for Summary Judgment[1] seeking declaratory and injunctive relief.[2] A hearing on the motion was held on September 24, 2018.

## Background

This case has been fraught with repeated delay since filing on May 15, 2017. Defendants initially sought and received two extensions of time to file an

---

[1] *See* Doc. 33.

[2] Plaintiff's motion was originally filed on March 12, 2018, was withdrawn on April 27, 2018, and was renewed on May 8, 2018.

answer.³ After Plaintiff's Renewed Motion for Summary Judgment was filed, Defendants sought and received two extensions in which to file a response.⁴

Concurrent with other delays, Defendants moved for admission of *pro hac vice* counsel. That request was initially granted,⁵ but later withdrawn for failure to comply with L.R. 7.3.⁶ A motion for reconsideration of the withdrawal filed later was denied.⁷

On August 24, 2018, Defendants moved to reopen discovery.⁸ A hearing on the motion was held on September 24, 2018. The motion was denied.⁹

Proposed findings of fact and conclusions of law, and optional supplemental briefing directed to the Plaintiff's Renewed Motion for Summary Judgment were filed.¹⁰

On August 31, 2018, Defendants filed a response to Plaintiff's Renewed

---

³ *See* Docs. 5, 6, 8, and 12.

⁴ *See* Docs. 40, 41, 42, and 43.

⁵ *See* Doc. 56.

⁶ *See* Doc. 68.

⁷ *See* Docs. 71 and 83.

⁸ *See* Doc. 65.

⁹ *See* Doc. 80.

¹⁰ *See* Doc. 82.

Motion for Summary Judgment, and a Statement of Disputed Facts.[11] Twenty-seven of the twenty-eight separately numbered statements of undisputed fact submitted by Plaintiff were asserted to be disputed by Defendants, all of which were supported by the following statement:

> *Disputed, for the reasons that the Defendants have not had the opportunity to conduct necessary discovery in this matter, and cannot determine the veracity of the United States' statements. The Defendants have filed a Motion to Reopen Discovery (ECF Nos. 65-66), and have further requested relief under Rule 56(d), F.R.Civ.P., in their response to the United States' Motion for Summary Judgment.*[12]

On October 12, 2018, Defendants filed an optional supplemental brief with multiple untimely submissions attached.[13] A motion to strike the untimely attachments was filed by Plaintiff on October 15, 2018,[14] and was granted on October 24, 2018.[15]

## **Undisputed Facts**

If a party fails to properly address another party's assertion of fact as

---

[11] *See* Docs. 74 and 75.

[12] Docs. 75 at 1–22, 24–28.

[13] *See* Doc. 90.

[14] *See* Doc. 91.

[15] *See* Doc. 98.

required by Rule 56(c), "the court may . . . consider the fact undisputed for purposes of a summary judgment motion."[16] Defendants have failed to properly address the Plaintiff's asserted facts.

The following facts are undisputed for purposes of Plaintiff's Renewed Motion for Summary Judgment.

1. Defendants Joseph and Carrie Robertson ("Robertsons") "own and reside on a patented mining claim on the Jefferson [Ranger] District of the Beaverhead-Deerlodge National Forest near Basin, Montana" ("White Pine claim").[17]

2. The White Pine claim is bordered on three sides by federal land within the Beaverhead-Deerlodge National Forest and on a fourth side by an un-patented mining claim ("Mohawk claim").[18]

3. In October of 2006, the United States Forest Service ("USFS") conducted an investigation of a suspected trespass on federal land surrounding the White Pine claim.[19]

---

[16] Fed. R. Civ. P. 56(e).

[17] Doc. 35 at 2.

[18] *See* Doc. 35 at 2.

[19] Doc. 36 at 2.

4. "On April 23, 2007, Forest Service Law Enforcement officer John Janik issued multiple citations to Joseph Robertson for unauthorized occupation of [National Forest System ("NFS")] land adjacent to the White Pine claim."[20]

5. On June 9, 2007, Janik returned to conduct a follow-up investigation and found that the property stored in trespass had not been removed.[21] Janik documented the continued violations.[22]

6. "On August 9, 2007, [Joseph] Robertson was tried in absentia and found guilty on five violations."[23] Final judgment was entered on August 14, 2007, and he was ordered to pay a $2,625 fine.[24]

7. "In September of 2010, the Forest Service completed a survey of the boundary between the [White Pine] claim . . . and NFS land."[25] The September 2010 survey confirmed that a portion of the Robertsons' barn, a variety of vehicles, equipment, and other materials were on NFS land.[26]

---

[20] See Doc. 35 at 3.

[21] See Doc. 35 at 3.

[22] See Doc. 35 at 3.

[23] Doc. 35 at 4.

[24] See Doc. 35 at 4.

[25] Doc. 35 at 5.

[26] See Doc. 35 at 5.

8. The Mohawk mining claim was closed December 30, 2010 for failure to pay annual maintenance fees.[27]

9. On August 31, 2011, "John Janik returned to the vicinity of the Robertsons' White Pine claim" and documented continuing violations that had first been discovered by Janik in 2006.[28]

10. On June 26, 2012, United States Magistrate Judge Lynch found Joseph Robertson guilty of, *inter alia*, "use or occupancy of NFS lands without authorization."[29] "Robertson was sentenced to 6-months unsupervised probation."[30]

11. "On October 24, 2013, while investigating [Joseph] Robertson's compliance with his sentence conditions . . . continued trespass on [NFS] lands was documented.[31] Additional documentation of trespass on the White Pine claim occurred on July 31, 2012, October 24, 2013, November 6 and 15, 2013, May 20, 2014, October 16, 2014, May 8 and 14, 2015, and July 27, 2015.[32]

---

[27] *See* Doc. 35 at 6–7.

[28] Doc. 35 at 6.

[29] Doc. 35 at 7.

[30] Doc. 35 at 8.

[31] Doc. 35 at 8.

[32] *See* Doc. 35 at 8.

12. On October 9, 2015, the USFS notified Defendants that a USFS agent had observed unauthorized surface activity on the Mohawk claim.[33] "Defendants were directed to cease activity and submit a Plan of Operations."[34] "To date, the [USFS] has not approved a Plan of Operations from the Robertsons."[35]

14. On October 12, 2017, the Bureau of Land Management sent a letter informing Defendants that the Mohawk claim "was declared null and void."[36]

15. Robertsons do not currently have any unpatented mining claims on the Beaverhead-Deerlodge National Forest.[37]

## Discussion

Federal Rule of Civil Procedure 56 provides that a court should grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[38] "In 'determining whether summary judgment is appropriate, [the court] view[s] the evidence in the light

---

[33] *See* Doc. 35 at 9.

[34] Doc. 35 at 9.

[35] *See* Doc. 35 at 9.

[36] Doc. 35 at 9.

[37] *See* Doc. 35 at 9.

[38] Fed. R. Civ. P. 56(a).

most favorable to the non-moving party.'"[39]

The USFS has the authority and jurisdiction to regulate activities that take place in the National Forest System and that have "affected, threatened, or endangered National Forest land."[40] "Constructing, placing, or maintaining any kind of road, trail, structure, fence, enclosure, communication equipment . . . or other improvement" on NFS land is prohibited absent specific authorization.[41]

One proposing to conduct mining operations on NFS land "must submit a proposed plan of operations to the District Ranger having jurisdiction over the area in which operations will be conducted . . . if the proposed operations will likely cause a significant disturbance of surface resources."[42] The Plan of Operations must be approved before any mining activities commence on the unpatented mining claim.[43] Construction or maintenance of structures on a mining claim constitute significant surface disturbances, and require an approved Plan of

---

[39] *Vos v. City of Newport Beach*, No. 16-56791, 2018 WL 2771049, at *3 (9th Cir. June 11, 2018) (quoting *Lal v. California*, 746 F.3d 1112, 1115-16 (9th Cir. 2014).

[40] *United States v. Parker*, 761 F.3d 986, 991 (9th Cir. 2014).

[41] 36 C.F.R. § 261.10(a).

[42] 36 C.F.R. § 228.4(a)(3).

[43] 36 C.F.R. § 228.4(a)(3).

Operations.[44]

Defendants do not have an approved Plan of Operations for the Mohawk claim and have previously been notified that the claim has been declared "null and void."[45] Although the Robertsons have sought multiple Plans of Operation, all applications were denied as incomplete.[46]

Absent an approved Plan of Operations, Defendants cannot conduct mining or other activities that cause significant surface disturbances on the Mohawk claim. Any structure constructed and partially maintained on the Mohawk claim is therefore in trespass.

Defendants have engaged in unauthorized storage and disposal of personal property, including vehicles, machinery, fencing, and livestock, on NFS land surrounding the White Pine claim. The trespass has continued unabated since 2006 and has resulted in damage to NFS land.

Defendants have, and continue to, trespass on federal land, including the Mohawk claim and federal property adjacent to the White Pine claim. No authorization or Plan of Operations has been obtained for the continued

---

[44] *See United States v. Brunskill*, 792 F.2d 938 (9th Cir. 1986); *United States v. Backlund*, 689 F.3d 986, 995 (9th Cir. 2012).

[45] Doc. 35 at 9.

[46] *See* Doc. 35 at 4.

occupation.

There being no genuine dispute as to any material fact in the record, ORDERED:

1. Plaintiff's Renewed Motion for Summary Judgment[47] is GRANTED;

2. Defendant's unauthorized use of and encroachment onto NFS land constitutes an unlawful trespass on the property of the United States in violation of 16 U.S.C. § 551 and regulations promulgated thereunder;

3. Defendants are permanently enjoined from unlawful use of or encroachment onto federal land located on the Beaverhead-Deerlodge National Forest;

4. Defendants shall remove any and all unauthorized structures or personal property occupying NFS land within 30 days of the date of this Order. If such property is not removed, it may be deemed abandoned and removed or disposed of at the discretion of the USFS, the costs of which may be assessed against Defendants.

5. If Defendants do not remove trespassing property as ordered in paragraph 4, and if Plaintiff is required to restore the surface property, it is entitled to reimbursement for restoration and rehabilitation costs for land damaged by the

---

[47] Doc. 33.

trespass. If such restoration and rehabilitation costs are warranted, Plaintiff shall submit to the Court a bill of costs for the completion of such necessary removals and for restoration of land damaged by the trespass.

6. Plaintiff is entitled to costs authorized by law.

DATED this 1st day of November, 2018.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge